UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RENEE WILLIAMS,

Plaintiff,

-against-

NEW YORK STATE DEPARTMENT OF CORRECTIONS; DARRYL C. TOWNS; DANIEL F. MARTUSCELLO III; STANLEY RICHARDS,

Defendants.

26-CV-8270 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

Plaintiff, a resident of Queens County, is appearing *pro se*. By separate Order, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 7.) For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is

'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id.* at 475 (citation omitted), has its limits –– to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

## BACKGROUND

The following allegations are drawn from the complaint.[1] Plaintiff brings this action against the New York State Department of Corrections ("DOCCS"); Acting DOCCS Commissioner Daniel F. Martuscello III; the New York State Board of Parole Chairman Darryl C. Towns; and the New York City Department of Correction Commissioner Stanley Richards. Plaintiff appears to allege that she was the victim of "sex crimes" and "trafficking." (ECF 1 at 6.) When asked to provide the dates and places of the events giving rise to her claims, Plaintiff states, "7-703 private/public nuisance/sex crimes/retaliations/conspiracies," and "present from old employment, ACS case." (*Id.* at 5.)

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the original complaint unless noted otherwise. Plaintiff's handwriting is difficult to read; the Court herein attempts to interpret that which is difficult to read.

Plaintiff alleges that she was "setup by immigrant technology to entrap" her "with an ex friend" from her childhood. (*Id.*) Plaintiff "assaulted" the friend "over a missing phone that [her] brother supposedly took by an accident." (*Id.*) She then found out that a "celebrity" was "dating [her] younger brother," and they met at one address in Brooklyn between 2011 and 2014, and a different address between 2014 and the present, where Plaintiff's father was "molesting [her] and other" children. (*Id.*)

According to Plaintiff, the FBI started an investigation and "illegal employment that lead to sexual misconduct, including the creation of "porn scenarios" (*Id.*) Plaintiff alleges that she was subjected to "sexual slavery," "blacklist[ing]," "electronic harassment," and "electronic rape." (*Id.* at 5-6.) Plaintiff asserts that Defendants, "within 32 Broadway," in conjunction with the Human Resources Administration and the Department of Labor and "Court Programs," conspired against her, used "sex toys" and sent "men, children, women to" her for "non-touch sex while traveling on train causing" harassment and annoyance. (*Id.* at 6.) Plaintiff seeks a preliminary injunction and a restraining order to "stop these organizations" from "sending inmates" into "sex work w/o consent." (*Id.*)

**DISCUSSION**

The Court must dismiss an IFP complaint that is frivolous or malicious under 28 U.S.C. § 1915(e)(2)(B)(i). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 324-25; *see also Denton*, 504 U.S. at 32-33 (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is frivolous when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless

legal theory." (internal quotation marks and citation omitted)); *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011).

Even when read with the "special solicitude" due to *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's complaint lacks an arguable basis either in fact or in law. *See Neitzke*, 490 U.S. at 324-35. Plaintiff does not allege that the named Defendants did or failed to do anything that violated her rights. The allegations that Plaintiff does make do not suggest that there is any legal basis for her to proceed against Defendants. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses Plaintiff's remaining claims as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).[2]

**DENIAL OF LEAVE TO AMEND AND WARNING**

Generally, a court should not dismiss a *pro se* complaint without "granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). A court, however, has the inherent power to dismiss without leave to amend or replead where the claim pleaded is frivolous or where amendment would otherwise be futile. *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002); *see also Shapiro v. McManus*, 577 U.S. 39, 45-46 (2015) (holding that federal question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)).

[2] Plaintiff may report criminal activity to law enforcement or prosecutors.

Plaintiff's cannot cure the frivolous nature of her claims with an amendment. *See Gallop*, 642 F.3d at 369 (holding district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result). Accordingly, the Court declines to grant Plaintiff leave to amend.

Plaintiff previously filed complaints, some of which assert claims similar to those in this complaint, that have been dismissed as frivolous. *See, e.g., Williams v. FBI Director Patel*, No. 26-CV-4429 (GBD) (S.D.N.Y. Sept. 14, 2026) (dismissing complaint as frivolous); *Williams v. Reardon*, No. 26-CV-67662 (KMW) (S.D.N.Y. Aug. 13, 2026) (dismissing claims for lack of subject matter jurisdiction and as frivolous, and warning Plaintiff that she may be barred from filing new actions IFP without prior permission, pursuant to 28 U.S.C. § 1651); *Williams v. Collins*, No. 26-CV-6482 (GBD) (S.D.N.Y. Aug. 5, 2026) (same); *Williams v. Central Intelligence Agy.*, No. 26-CV-4347 (KMW) (S.D.N.Y. July 28, 2026) (same); *Williams v. Ogbuka*, No. 25-CV-10832 (LLS) (S.D.N.Y. Jan. 12, 2026) (dismissing complaint as frivolous).

The Court repeats the warning issued in prior cases. Further vexatious or frivolous litigation by Plaintiff in this court may result in an order barring her from filing new actions IFP unless she receives prior permission from the court to file a new action. *See* 28 U.S.C. § 1651.

## CONCLUSION

For the reasons set forth in this Order, the Court dismisses Plaintiff's claims as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment dismissing this action.

SO ORDERED.

Dated: September 28, 2026
New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge